**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Yasmany Garcia Suarez,<br>Petitioner<br>v.<br>Todd Blanche, et al,<br>Respondents | Case No.: 2:26-cv-02907-JAD-DJA<br>**Order Granting Habeas Petition and Directing Respondents to Release Petitioner**<br>[ECF No. 11] |

Petitioner Yasmany Garcia Suarez is a Cuban citizen who was admitted to the United States in 2007 as the child of a United States citizen and has lived in Las Vegas ever since. In August 2026, Garcia Suarez was arrested by local authorities, and nine days later Immigration and Customs Enforcement (ICE) issued a warrant for his arrest and detained him, charging him as removable for having been convicted of an aggravated felony. He is detained at Nevada Southern Detention Center in Pahrump, Nevada. Garcia Suarez seeks a writ of habeas corpus, alleging that his arrest was unlawful because his I-200 warrant was not signed by someone with authority and that the government failed to comply with procedural requirements of the Due Process clause of the Fifth Amendment and the Immigration and Nationality Act (INA). Because the government does not dispute that Garcia Suarez's arrest warrant was invalid, it has tacitly consented to relief on this ground. So I grant the petition and order the respondents to release Garcia Suarez from custody.

## Discussion

**A. This court has jurisdiction over Garcia Suarez's claims.**

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[1] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[2]

**B. Garcia Suarez's need to exhaust administrative remedies is excused.**

The government argues that Garcia Suarez failed to exhaust his administrative remedies.[3] It cites to the Ninth Circuit's opinion in *Leonardo v. Crawford*[4] to contend that a petitioner must appeal a bond determination to the Board of Immigration Appeals (BIA) prior to filing a habeas petition.[5] Garcia Suarez responds that waiting for the results of an administrative appeal would cause him irreparable harm because he has been detained for over two months as a result of an invalid warrant.[6]

The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[7] "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of

---

[1] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[2] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[3] ECF No. 11 at 8–9.

[4] *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011).

[5] ECF No. 12 at 3–4.

[6] ECF No. 14 at 11.

[7] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[8]

I find that requiring Garcia Suarez to exhaust administrative remedies would cause irreparable injury. As discussed *infra*, he put forth undisputed arguments that his I-200 warrant was signed by someone without the proper authority to do so.[9] Detention justified by an invalid warrant is irreparable injury.[10] Under these circumstances, I find it appropriate to excuse the prudential-exhaustion requirement because further irreparable injury would result from Garcia Suarez's continued detention.

**C. The government does not contest that Garcia Suarez's warrant was signed by someone who lacked the authority under the applicable INA regulations.**

Garcia Suarez contends that his arrest warrant was invalid because it was signed by Acting Supervisory Detention and Deportation Officer Cortez.[11] He argues that INA regulations permit an I-200 warrant to be signed only by the immigration officers listed in 8 C.F.R. § 287.5(e)(2), and that this list includes supervisory detention and deportation officers but not "regular deportation officers or officers 'acting in those supervisory roles."[12] Garcia Suarez asserts that "[a]bsent a lawfully executed I-200, [his] detention violates the INA . . . and this court should order his immediate release."[13]

---

[8] *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

[9] ECF No. 11 at 12.

[10] *Hernandez*, 872 F.3d at 994–95 ("It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." (cleaned up) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Castillo v. Blanche et al.*, 2026 WL 2071063, at *3 (D. Nev. July 17, 2026).

[11] ECF No. 11 at 12.

[12] *Id.* (citing 8 C.F.R. §§ 236.1(a), 287.5(e)(2)–(3)).

[13] *Id.* at 13 (cleaned up).

In its response, the government argues that Garcia Suarez has not exhausted his administrative remedies required to seek habeas relief, so his petition should be denied.[14] The government does not dispute Garcia Suarez's assertions or defend ICE's actions because it did not respond to his argument on this issue, tacitly consenting to relief on this ground.[15]

**D. Because Garcia Suarez's arrest was void *ab initio*, I order his immediate release.**

Courts have "a fair amount of flexibility" in deciding habeas relief.[16] District courts across the country have found that when an ICE arrest was unlawful, the proper remedy is release.[17] Because Garcia Suarez was arrested under the authority of an invalid warrant according to the INA's regulations, his arrest was unlawful and void *ab initio*. So I find that the appropriate remedy is his immediate release from custody.

## Conclusion

IT IS THEREFORE ORDERED that Yasmany Garcia Suarez's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 11] is GRANTED. Petitioner Yasmany Garcia Suarez must be released from detention within three days, subject to reasonable conditions of supervision. Imposition of those conditions must not impede Garcia Suarez's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

---

[14] ECF No. 12 at 3.

[15] *United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2010) (holding that unraised arguments are waived); *Carlson v. Landon*, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that unopposed habeas allegations "must be taken as true").

[16] *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

[17] See *Diiwaje v. Bondi*, 2026 WL 926753, at *3 (D. Nev. Apr. 6, 2026); *Gumaneh v. Hernandez*, 2026 WL 2624291, at *4 (W.D. Wash. Sept. 4, 2026); *Ger V. v. Mullin*, 2026 WL 1847044, at *2 (D. Minn. June 26, 2026); *De La Rosa Izaguirre v. Blanche*, 2026 WL 2023200, at *11 (E.D.N.Y. July 13, 2026).

(1) notice of the date, time, and location of Garcia Suarez's release at least 24 hours before the release is set to occur, and

(2) within five days of this order, notice that Garcia Suarez's release was effectuated.

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

IT IS FURTHER ORDERED that respondents' motion for leave to file supplement regarding response to order governing procedures **[ECF No. 8] is DENIED as moot.**

**The Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
November 13, 2026